```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
RICHARD ALBERTO REYES-CARDENAS      |
                                    |
            Petitioner,             |
                                    |     05 cv 5687 (KMW)(RLE)
    -against-                       |            ORDER
                                    |
ALBERTO R. GONZALES, et al.,        |
                                    |
            Respondents.            |
------------------------------------X
```
KIMBA M. WOOD, U.S.D.J.:

Petitioner Richard Alberto Reyes-Cardenas ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a cross-motion for release. On August 7, 2006, Magistrate Judge Ronald L. Ellis issued a Report and Recommendation ("Report"), to which Petitioner timely objected, recommending that the Court deny both the § 2241 petition and the cross-motion for release. For the reasons set forth below, the Court adopts the Report.

**I.  Background**

The Report, familiarity with which is assumed, thoroughly recounts the background of this case; the Court repeats the facts here only as necessary. In March 2000, Petitioner was convicted of selling marijuana in the fourth degree and possession of a weapon in the fourth degree. He was sentenced to serve two concurrent jail terms of sixty days. On April 20, 2000, the former Immigration and Naturalization Service initiated removal

proceedings against Petitioner.  He has been in federal immigration custody since August 7, 2000.

On April 1, 2004, Petitioner filed the instant § 2241 petition and cross-motion for release, arguing: (1) that his prolonged detention violates his substantive and procedural due process rights; and (2) that the immigration judge violated his due process rights by denying his application for cancellation of removal.  On September 15, 2005, this Court bifurcated Petitioner's detention and removal claims, pursuant to the REAL ID Act, Pub. L. No. 109-13, § 106, 119 Stat. 231 (May 11, 2005).  Petitioner's collateral challenge to his removal order is pending before the Fifth Circuit.

## II.  Standard of Review

When a magistrate judge issues a report and recommendation, the district court's standard of review depends on whether objections are filed.  See Nuetzel v. Walsh, No. 00-CV-8776, 2006 WL 2742000, at *1, 2006 U.S. Dist. LEXIS 69583, at *1 (S.D.N.Y. Sept. 26, 2006).  "'If no objections are filed, or where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error.'"  Id. (quoting Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47

(S.D.N.Y. 2006)).  However, "where objections . . . are 'specific and . . . address only those portions of the proposed findings to which the party objects,' district courts should conduct a de novo review of the issues raised by the objections."  Nuetzel, 2006 WL 2742000, at *1, 2006 U.S. Dist. LEXIS 69583, at *1 (quoting Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992)).  The Court notes that "pro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'"  Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

**III. Discussion**

   **A.   Jurisdiction and Venue**

   Neither party has objected to the Report's recommendation that this Court may properly retain jurisdiction over Petitioner's § 2241 petition or its conclusion that venue is proper in the Southern District of New York.  The Court has reviewed the Report, and finds its analysis pertaining to jurisdiction and venue to be well-reasoned and free of any "clear error on the face of the record."  Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186,

1189 (S.D.N.Y. 1985). The Court therefore accepts and adopts the Report's recommendation that this Court retain jurisdiction over Petitioner's § 2241 petition and its conclusion that venue is proper in this district.

    **B.**    **Petitioner's Objections**

        **1.**    **The Report correctly concludes that Petitioner is being held under INA § 241(a)**

Petitioner argues that the Report wrongly concluded that he is being detained under INA § 241(a), 8 U.S.C. § 1231(a); he believes that he is being detained under INA § 236(c)(1), 8 U.S.C. § 1226(c), which governs detention of aliens who are in removal proceedings but not yet subject to a final order of removal. Under INA § 241(a), the Government must remove aliens who have been ordered removed from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). The 90-day removal period begins when an order of removal becomes "administratively final" or, if the removal order is judicially reviewed and the court orders a stay of removal, "on the date of the court's final order." Id. § 1231(a)(1)(B)(i)-(ii). Here, the Board of Immigration Appeals (the "BIA") issued a final order of removal on July 24, 2003. Petitioner filed a petition for review, which the Fifth Circuit denied on March 23, 2004. Thus, Petitioner has been subject to a final order of removal since

March 23, 2004, and is therefore being detained under INA §
241(a).

Petitioner argues that his removal period has not yet
commenced, because he is under a judicially ordered stay of
removal.  That stay, however, does not pertain to Petitioner's
direct petition for review; instead, the current stay pertains to
Petitioner's § 2241 petition.  The Second Circuit has stated that
it does not accept the argument that "where an alien has an
administratively [final] removal order but is pursuing habeas
review, his detention is pursuant to INA § 236(c)."  Wang v.
Ashcroft, 320 F.3d 130, 147 (2d Cir. 2003).  Thus, though
Petitioner's removal has again been stayed, he remains subject to
a final order of removal.[1]  The Court therefore adopts the
Report's conclusion that Petitioner's INA § 236(c) claims are
moot and futile.

> 2. **The Report's conclusion that Petitioner's post-removal-order detention is reasonable is not clearly erroneous**

Petitioner argues that the Report ignored relevant case law
in concluding that his detention period is reasonable under
Zadvydas v. Davis, 533 U.S. 678 (2001), and that his removal is
reasonably foreseeable.  Each case he cites, however, analyzes an

---

[1] Petitioner faults the Report for failing to address a number of
cases he believes support his argument that he is being detained
pursuant to INA § 236(c)(1).  The Court has reviewed each of these
cases and finds within them no support for Petitioner's argument.

alien's detention under INA § 236(c), not INA § 241(a). Because Petitioner bases his objections solely upon the erroneous argument that he is being detained under INA § 236(c), he has not objected to the Report's conclusion that his detention is reasonable under INA § 241(a). Given that the Report's analysis on this point is free of clear error, the Court adopts its recommendation. The Court thus concludes that, because Petitioner's detention has a definite termination point -- namely, the Fifth Circuit's resolution of his pending collateral challenge to his removal order -- it does not run afoul of Zadvydas.

### 3. Petitioner received adequate custody reviews

Petitioner argues that he has received no meaningful custody reviews before a neutral arbiter.[2] The record is clear, however, that Petitioner has received three administrative reviews of his custody over the course of his detention, in accordance with 8 C.F.R. § 241.4. Although Petitioner makes some vague statements that these custody reviews were unsatisfactory, it is evident that he objects primarily to the Government's conclusions that he is a flight risk and that he will be removed upon completion of his habeas proceedings. Because nothing suggests that

---

[2] Petitioner appears to argue that, because he is being detained under INA § 236(c), he is entitled to custody reviews before an immigration judge. Because the Court has concluded that Petitioner is being detained under INA § 241(a), the Court does not consider this argument.

Petitioner's custody reviews somehow have been or will be deficient, the Court agrees with the Report's conclusion that Petitioner cannot establish that Respondents violated his substantive or procedural due process rights.

### 4. The Court does not reach Petitioner's cross-motion for release

Because the Report concluded that Petitioner's § 2241 petition should be denied, Magistrate Judge Ellis did not consider Petitioner's cross-motion for release.  Petitioner does not specifically object to the Report's disposition of the cross-motion; instead, he states that the Court "should sua sponte order the petitioner's release from custody, while it reviews this objection."  Because the Court agrees with the Report's recommended disposition of Petitioner's § 2241 petition and finds no clear error in its disposition of Petitioner's cross-motion, the Court will not consider Petitioner's cross-motion for release.

## IV. Conclusion

Accordingly, the Court accepts and adopts Magistrate Judge Ellis's Report.  Petitioner's § 2241 petition for a writ of habeas corpus and his cross-motion for release are denied.  Because Petitioner has not "made a substantial showing of a denial of a constitutional right, this Court will not grant a

certificate of appealability." 28 U.S.C. § 2253 (c)(2). The Clerk of Court is directed to close this case. Any pending motions are moot.


SO ORDERED.
Dated: New York, New York
       April 27, 2007

/s/ Kimba M. Wood

KIMBA M. WOOD
UNITED STATES DISTRICT JUDGE